defense, cannot change the real situation. The reason for the rule against the impeachment of one's own evidence has no application. It is evidence that one has relied upon for the purpose of establishing his case that he may not impeach. This evidence was no part of the plaintiff's case because he had proved an unwarranted trespass and could then safely have rested if it had not been for the proceedings as outlined. The ultimate fact is that the defendant necessarily justified his acts by the judgment of the court, evidenced by the warrant of dispossess. As the defendant sought to claim a benefit under said judgment to defeat the plaintiff's claim, it was as clearly open to attack for want of jurisdiction as if the, defendant had brought an action based upon said judgment.

The determination of the Appellate Term should be reversed, with costs and disbursements to the appellant in this court and at the Appellate Term, and the judgment and order of the City Court affirmed. All concur.

---

### LAMBERT v. PROPERTY INS. CO., Limited.

(Supreme Court, Appellate Division, First Department. June 16, 1911.)

ATTACHMENT (§ 47*)—GROUNDS—NONRESIDENCE—EVIDENCE—SUFFICIENCY.

An affidavit for attachment and a verified complaint, stating that defendant was a foreign corporation organized and existing under the laws of Great Britain, and a policy issued by the corporation attached to the complaint, stating that the corporation had its chief office in London, etc., sufficiently shows that the corporation is a foreign one, in the absence of a contrary showing, sustaining an attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 861–876; Dec. Dig. § 47.*]

Appeal from Special Term, New York County.

Action by Walter W. Lambert, trustee of the Bradley Furniture Company and of others, against the Property Insurance Company, Limited. From an order vacating a warrant of attachment, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William Otis Badger, Jr. (Louis J. Wolff, of counsel), for appellant.

Ralph H. Raphael, for respondent.

CLARKE, J. The warrant of attachment was granted upon the ground that the defendant was a foreign corporation. The motion to vacate was made upon the papers upon which the warrant was granted. The affidavit of the plaintiff states:

"That the defendant, the Property Insurance Company, Limited, is a foreign corporation duly organized and existing under and by virtue of the laws of the Kingdom of Great Britain."

The complaint, which is verified by the plaintiff, states positively:

"That at all the times hereinafter mentioned the defendant was and now is a corporation duly created, organized, and existing under and by virtue of

the laws of the Kingdom of Great Britain and having its principal office in the city of London, England, and transacting the business of insurance in the United States through its attorney, the Seddon Underwriting Company, at No. 95 William street, New York City."

Attached to the complaint, and made a part thereof, was the policy of insurance, which is entitled as follows:

"Property Insurance Company, Limited.    (Incorporated under the Companies Acts, 1862–1893, in the year 1898).    Chief office, 35 Moorgate Street, London, E. C."

The positive averments of the affidavit and complaint are here supported by the policy of insurance attached to the complaint upon which the suit was brought, and are sufficient to satisfy the court, in the absence of denial or proof to the contrary, that the defendant was a foreign corporation.

The order appealed from should be reversed, with $10 costs and disbursements, the motion denied, with $10 costs, and the attachment reinstated.    All concur.